FILED'10 JUL 7 10:45USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAYSAM SMITH,<br><br>Defendant. | 05-CR-35-BR<br>(08-CV-70003-BR)<br><br>OPINION AND ORDER |

DWIGHT HOLTON
United States Attorney
**SCOTT M. KERIN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Plaintiff

1 - OPINION AND ORDER

**KAYSAM SMITH**
08076-097
Taft Correctional Institution
2B
P.O. Box 7001
Taft, CA 93268

       Defendant, *Pro Se*

**BROWN, Judge.**

    This matter comes before the Court on Defendant Kaysam Smith's *pro se* Motion (#184) to Vacate Conviction Pursuant to Rule 60(b), 60(d) and 60(d)(3) - Cumulative Effect of Judicial Errors. For the reasons that follow, the Court **DENIES** the Motion.

    The procedural history of this matter is recited in the Court's August 18, 2008, Opinion and Order (#175) in which the Court denied Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In that proceeding, Defendant contended (1) he was deprived of the effective assistance of appellate counsel who allegedly "coerced" Defendant to agree to a voluntary dismissal of his direct appeal, (2) he was deprived of the effective assistance of trial counsel who failed to investigate allegedly "crucial" aspects of case, and (3) the Court erred in declining to apply the additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

    After the Court denied Defendant's § 2255 Petition,

2 - OPINION AND ORDER

Defendant did not appeal that decision to the Ninth Circuit Court of Appeals and has not sought or obtained permission from the Ninth Circuit to file a successive § 2255 Petition. Defendant has, however, made numerous filings challenging the conduct of this judicial officer in connection with this matter. Those challenges have been rejected by the Chief Judge of this District and by the Ninth Circuit Court of Appeals.

In his current Motion, Defendant asserts he is entitled, pursuant to Federal Rule of Civil Procedure 60(b), to relief from the Judgment of Conviction entered pursuant to his guilty plea. The Rules of Civil Procedure, however, do not apply to this criminal case:

> These rules govern the procedure *in all civil actions* and proceedings in the United States district courts . . . .

Federal Rule of Civil Procedure 1 (emphasis added). Moreover, as the government argues in its Response, Defendant's latest Motion is nothing more than another attempt to challenge his conviction collaterally despite Defendant's waiver of his right to appeal which the Court upheld in dismissing his previous § 2255 Petition, and is, in effect, a successive § 2255 challenge that Defendant is not authorized to bring because he has not received approval from the Ninth Circuit Court of Appeals to do so. *See* 28 U.S.C. § 2255(h).

Accordingly, because there is not any legal basis for the

3 - OPINION AND ORDER

relief Defendant seeks, the Court **DENIES** Defendant's *pro se* Motion (#184) to Vacate Conviction Pursuant to Rule 60(b), 60(d) and 60(d)(3) - Cumulative Effect of Judicial Errors.

IT IS SO ORDERED

DATED this 7th day of July, 2010.

　　　　　　　　　　　　　／s／ Anna J. Brown
　　　　　　　　　　　　　ANNA J. BROWN
　　　　　　　　　　　　　United States District Judge

4 - OPINION AND ORDER